# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/05/2021 10:19 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
21STCV16859

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**  AMERICAN AIRLINES, INC.; GATE
*(AVISO AL DEMANDADO):* GOURMET, INC.; GATE GROUP; SKY
CHEFS, INC.; LSG SKY CHEFS; LSG GROUP; and DOES 1 to 20,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**  TODD S. DIENER
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court
312 North Spring Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
21STCV16859

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert J. Ounjian, SBN 210213          310.273.1230          310.858.1063
CARPENTER, ZUCKERMAN & ROWLEY
8827 West Olympic Blvd.
Beverly Hills, CA 90211

DATE:                                                      Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*   05/05/2021          Clerk, by _____ N. Alvarez _____ , Deputy
                                           *(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ]  as an individual defendant.
2. [ ]  as the person sued under the fictitious name of *(specify):*
3. [×]  on behalf of *(specify):* LSG Sky Chefs

   under: [×] CCP 416.10 (corporation)              [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [×]  by personal delivery on *(date):* 5/ /21

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

Electronically FILED by Superior Court of California, County of Los Angeles on 05/05/2021 10:19 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
21STCV16859

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Serena Murillo

1    Robert J. Ounjian, SBN 210213
     **CARPENTER, ZUCKERMAN & ROWLEY**
2    8827 West Olympic Boulevard
     Beverly Hills, California 90211-3613
3    Telephone: (310) 273-1230
     Fax: (310) 858-1063
4

5    Attorney for Plaintiff,
     Todd S. Diener
6

7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **LOS ANGELES COUNTY**

| | |
|---|---|
| TODD S. DIENER | CASE NO.: **21STCV16859** |
|        Plaintiff, | **COMPLAINT FOR DAMAGES:** |
|     v. | **1) STRICT PRODUCTS LIABILITY**<br>**2) BREACH OF WARRANTY**<br>**3) NEGLIGENCE** |
| AMERICAN AIRLINES, INC.; GATE GOURMET, INC.; GATE GROUP; SKY CHEFS, INC.; LSG SKY CHEFS; LSG GROUP; and DOES 1 to 20, | **4) COMMON CARRIER LIABILITY**<br><br>**DEMAND FOR TRIAL BY JURY** |
|       Defendants. | |

      Plaintiff TODD S. DIENER who, for causes of action against Defendants AMERICAN

AIRLINES, INC., GATE GOURMET, INC., GATE GROUP; SKY CHEFS, INC.; LSG SKY

CHEFS; LSG GROUP, and DOES 1 to 20, complains and alleges as follows:

                           **PARTIES AND VENUE**

      1.      Plaintiff Todd S. Diener is an individual who at all relevant times was a resident of

the State of California.

      2.      Defendant American Airlines, Inc. is and was at all relevant times a business entity

providing airline, food product, and catering services in Los Angeles County, California.

3.      Defendant Gate Gourmet, Inc. is and was at all relevant times a business entity providing food product and catering services in Los Angeles County, California.

4.      Defendant Gate Group, is and was at all relevant times a business entity providing food product and catering services in Los Angeles County, California.

5.      Defendant Sky Chefs, Inc. is and was at all relevant times a business entity providing food product and catering services in Los Angeles County, California.

6.      Defendant LSG Sky Chefs is and was at all relevant times a business entity providing food product and catering services in Los Angeles County, California.

7.      Defendant LSG Group is and was at all relevant times a business entity providing food product and catering services in Los Angeles County, California.

8.      The true names and/or capacities, whether individual, corporate, associate or otherwise of the defendants DOES 1 through 20, inclusive, and each of them, are unknown to Plaintiff who therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of these defendants fictitiously named herein as a DOE is legally responsible, negligent, or in some other actionable manner liable for the events and happenings hereinafter referred to, and proximately and legally caused the injuries to Plaintiff as hereinafter alleged.  Plaintiff will seek leave of the court to amend this Complaint to insert the true names and/or capacities of such fictitiously-named defendants when the same has been ascertained.

9.      In any place in this Complaint where the term "defendant" or "defendants," with or without capitalization, is used it shall include all defendants, including Does 1-20, as if so stated.

10.     The plaintiff is informed and believes that at all relevant times, all of the Defendants, were the agents, servants, employees, and /or joint venturers of all of the co-defendants and were acting within the course, scope, and authority of their agency, employment,

2

and/or venture and that all defendants, when acting as a principal, were negligent in the selection and hiring of each and every other defendant as an agent, employee, and/or joint venturer.

## LOCATION OF INCIDENT

11.     The plaintiff suffered injury due to the negligence of the defendants in Los Angeles, California.  The plaintiff further discovered the negligence of the defendants in Los Angeles, California.

## FACTS COMMON TO ALL CAUSES OF ACTION

12.     At all relevant times, Defendants owned, operated, and/or provided catering services and food products on American Airlines.

13.     On or about May 11, 2019, the plaintiff was a passenger aboard Flight 341 departing John F. Kennedy International Airport in New York, New York to Los Angeles International Airport in Los Angeles, California.  The plaintiff purchased tickets for this flight in Los Angeles County, California.

14.     Toward the end of the flight, the plaintiff was served chicken and other food products.  The chicken and other food products were produced manufactured, selected, sold, distributed, inspected, stored, cooked, prepared, served, and otherwise completely under the control of the defendants.

15.     The plaintiff consumed the chicken as served to him on May 11, 2019.

16.     On or about May 12, 2019, after landing in Los Angeles, California, the plaintiff suffered injury.  He began to experience symptoms of food poisoning, which evolved over the following days.  Such symptoms included, without limitation: high fever, chills, fatigue, nausea, diarrhea, and pain, especially in the abdominal region.

17.     On May 15, 2019, the plaintiff presented himself to the Hollywood Walk-In Clinic

3

in Los Angeles County, California, where he was determined to be too ill to treat at the urgent care facility and was transferred to an emergency department.

18.     That same day, the plaintiff presented himself to Cedars-Sinai Medical Center in Los Angeles County, California, where he was admitted as a patient.  He was discharged on or about May 18, 2019.

19.     On, about, or after May 18, 2019, the plaintiff learned that testing had determined that he had suffered a food borne illness, including campylobacter infection.  The source of the food borne illness was traced to the food consumed by the plaintiff on American Airlines Flight 341 which was selected, sold, distributed, inspected, stored, cooked, prepared, served, and otherwise completely under the control of the defendants.

### FIRST CAUSE OF ACTION – STRICT PRODUCTS LIABILITY
**(By Plaintiff Against All Defendants)**

20.     By this reference, the plaintiff incorporates all of the allegations in this Complaint in this cause of action.

21.     Defendants manufactured and sold the chicken and other food products that caused the plaintiff to become infected with campylobacter, without limitation, and suffer damages as a result.

22.     The chicken and other food products that caused the plaintiff to become injured were contaminated with campylobacter at the time it left the defendants' possession and/or control.

23.     Food, including the chicken and other food products that caused the plaintiff to become injured, that is contaminated with campylobacter and/or other infectious disease contaminants, is unreasonably dangerous for its ordinary and expected uses – i.e., consumption. Such a product is thus in an unreasonably dangerous condition not contemplated by an ordinary consumer, making it defective.

24.     The food, including the chicken and other food products that caused the plaintiff to become injured, was used by the plaintiff in the manner expected and intended when the plaintiff consumed it.

25.     The plaintiff suffered injury and damages as a direct, proximate, and legal result of the defective and unreasonably dangerous condition of the product manufactured, sold, prepared, sold, and distributed by the defendants.  Such damages include, without limitation:

      a.     Past and future medical and healthcare expenses;

      b.     Past and future lost earnings and diminution of earning capacity;

      c.     Past and future household services;

      d.     Past and future incidental expenses; and

      e.     Past and future non-economic damages, including: physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.

## SECOND CAUSE OF ACTION – BREACH OF WARRANTY
### (By Plaintiff Against All Defendants)

26.     By this reference, the plaintiff incorporates all of the allegations in this Complaint in this cause of action.

27.     The defendants are liable to the plaintiff for breaching express and implied warranties that they made regarding the adulterated products that the plaintiff purchased and consumed.  These express and implied warranties included the implied warranties of merchantability and/or fitness for a particular use.

28.     Plaintiff alleges that the food, including the chicken and other food products that caused the plaintiff to become injured, and were contaminated with campylobacter and/or other infectious disease contaminants, which the defendants manufactured, sold, distributed, and served

would not pass without exception in the trade and was therefore in breach of the implied warranty of merchantability.

29.     Plaintiff alleges that the food, including the chicken and other food products that caused the plaintiff to become injured, and were contaminated with campylobacter and/or other infectious disease contaminants, were not fit for the uses and purposes intended, i.e. human consumption, and that this product was therefore in breach of the implied warranty of fitness for its intended use.

30.     The plaintiff suffered injury and damages as a direct, proximate, and legal result of the defective and unreasonably dangerous condition of the product manufactured, sold, prepared, sold, and distributed by the defendants.  Such damages include, without limitation:

     a.     Past and future medical and healthcare expenses;

     b.     Past and future lost earnings and diminution of earning capacity;

     c.     Past and future household services;

     d.     Past and future incidental expenses; and

     e.     Past and future non-economic damages, including: physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.

## THIRD CAUSE OF ACTION – NEGLIGENCE
### (By Plaintiff Against All Defendants)

31.     By this reference, the plaintiff incorporates all of the allegations in this Complaint in this cause of action.

32.     The defendants owed a duty and voluntarily undertook a duty to use reasonable care in the production, manufacture, selection, sale, inspection, storage, distribution, cooking, preparation, and service of its food products to ensure that the products did not become contaminated with campylobacter and/or other infectious disease contaminants.  The defendants

1  breached these duties and therefore were negligent.

2      33.    The defendants further owed a duty to comply with all statutes, laws, regulations,

3  and/or safety codes and standards pertaining to the distribution, storage, and sale of its food

4  products, but failed to do so and therefore were negligent.  The plaintiff is among the class of

5  persons designed to be protected by these statutes, laws, regulations, safety codes, safety standards,

6  and provisions pertaining to the manufacture, distribution, storage, and sale of food products.

7

8      34.    The plaintiff suffered injury and damages as a direct, proximate, and legal result of

9  the defendants' negligence.  Such damages include, without limitation:

10         a.    Past and future medical and healthcare expenses;

11         b.    Past and future lost earnings and diminution of earning capacity;

12
13         c.    Past and future household services;

14         d.    Past and future incidental expenses; and

15         e.    Past and future non-economic damages, including: physical pain, mental

16  suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief,

17  anxiety, humiliation, and emotional distress.

18

19  **FOURTH CAUSE OF ACTION – COMMON CARRIER LIABILITY**
    **(By Plaintiff Against Defendants American Airlines, Inc. and Does 1-20)**

20

21      35.    By this reference, the plaintiff incorporates all of the allegations in this Complaint

22  in this cause of action.

23      36.    Defendants American Airlines, Inc. and Does 1-20 were, at all relevant times,

24  common carriers.  The defendants held themselves out to the public generally to transport good

25  and people from place to place for profit.

26      37.    Common carriers have a duty to carry passengers safely and to use the highest care

27  and the vigilance of a very cautious person.  Common carriers have a duty to do all that human

28  care, vigilance, and foresight reasonably can do to avoid harm to passengers.

38.     Common carriers have a duty to use the highest care in providing services to its passengers, including food storage, preparation, catering, and service.

39.     The defendants knew, or should have known, that the chicken and other food products that caused the plaintiff to become injured, and was contaminated with campylobacter and/or other infectious disease contaminants, were not fit for the uses and purposes intended, i.e. human consumption.  The defendants could have prevented or reduced the harm to the plaintiff from the consumption of the chicken and other food products.

40.     The defendants breached these duties.

41.     The plaintiff suffered injury and damages as a direct, proximate, and legal result of the defendants' breach.  Such damages include, without limitation:

    a.     Past and future medical and healthcare expenses;

    b.     Past and future lost earnings and diminution of earning capacity;

    c.     Past and future household services;

    d.     Past and future incidental expenses; and

    e.     Past and future non-economic damages, including: physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.

///
///
///
///
///
///
///

COMPLAINT FOR DAMAGES

## PRAYER

The plaintiff prays for judgment against the defendants as follows:

1.   General damages, as established at the time of trial;

2.   Special damages, as established at the time of trial;

3.   Prejudgment interest, as allowed by law, according to proof;

4.   Costs of suit; and

5.   Such other relief as the court deems in the interests of justice.

May 5, 2021                                  Carpenter, Zuckerman & Rowley

                                             /s/ Robert J. Ounjian
                                             _____
                                             Robert J. Ounjian
                                             Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff Todd S. Diener hereby demands a trial by jury on all causes of action.

May 5, 2021                                  Carpenter, Zuckerman & Rowley

                                             /s/ Robert J. Ounjian
                                             _____
                                             Robert J. Ounjian
                                             Counsel for Plaintiff

COMPLAINT FOR DAMAGES